FILED

JUL 23 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES S. TATE, Jr., M.D., <br><br> Plaintiff - Appellant, <br><br> v. <br><br> UNIVERSITY MEDICAL CENTER OF SOUTHERN NEVADA; et al., <br><br> Defendants - Appellees. | No. 11-15602 <br><br> D.C. No. 2:08-cv-01183-LDG-GWF <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Lloyd D. George, Senior District Judge, Presiding

Argued and Submitted June 11, 2012
San Francisco, California

Before: FERNANDEZ, GOULD, and BEA, Circuit Judges.

Plaintiff-Appellant James Tate appeals the district court's dismissal of certain claims under Rule 12(b)(6) and grant of summary judgment for Defendant-Appellees University Medical Center of Southern Nevada *et al.* (UMC). The

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

parties are familiar with the facts underlying the appeal and thus we do not include them here.

A claim under § 1983 requires allegations "(1) that a person acting under color of state law (2) committed an act that deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States." *Redman v. Cnty. of San Diego*, 942 F.2d 1435, 1439 (9th Cir. 1991). Tate was not deprived of a Constitutionally protected property right.

Tate's argument that his removal from the on-call schedule was a *de facto* suspension of Tate's Constitutionally protected clinical privileges is foreclosed to Tate by this court's earlier published order in this case. *See Tate v. Univ. Med. Ctr.*, 606 F.3d 631, 634 (9th Cir. 2010) ("An employment arrangement is distinct from clinical privileges: employment is merely one method among many of exercising clinical privileges at a hospital. . . . Here, Dr. Tate had only an employment agreement with the hospital to serve as the trauma on-call surgeon. After termination of that employment, he remained able to exercise his clinical

privileges in other ways, until they were terminated.)[1]  This panel is bound by the earlier panel's decision.  *Jeffries v. Wood*, 114 F.3d 1484, 1488–89 (9th Cir. 1997) (en banc); *United States v. Johnson*, 256 F.3d 895, 914 (9th Cir. 2001) (en banc).

To the extent that Tate's allegations are not based on a suspension of his clinical privileges, they must be based on a violation of his due process rights when his employment as an on-call trauma physician was terminated.  For Tate's due process claim to be viable, he must have a constitutionally protected property right in his continued employment at UMC.  Under Nevada law, an employee has a protected property right in his employment when he can only be discharged for cause—that is, when employment is not at will.  *State ex rel. Sweikert v. Briare*, 94 Nev. 752, 756 (1978).  Tate's employment as a trauma surgeon at UMC was governed by the TSA, which stated that it could be terminated with 30 days' written notice.  Accordingly, Tate did not have a constitutionally protected property right in his continued employment as a trauma surgeon at UMC under

---

[1] Contrary to the position advanced by Tate's counsel at oral argument, the deposition of Kathleen Silver, which was not before the panel in Tate's interlocutory appeal, does not change this conclusion.  The district court's order of July 15, 2009, denying Tate's motion for a preliminary injunction credited Tate's allegation that he was unable to admit trauma patients.  Giving all intendments to Tate, Silver's deposition testimony can still prove no more than that credited fact, which was before the prior panel, for Silver at best concedes only that Tate could admit no "new" trauma patients, a mere subset of "trauma patients."  Accordingly, we remain bound by the prior panel's published order, which constitutes both law of the case and law of the circuit.  *Gonzales v. Arizona*, 677 F.3d 383, 389 n.4 (2012) (en banc)

Nevada law, and his due process claims based on the termination of his employment fail.

Tate's claim 10 alleged violation of the implied covenant of good faith and fair dealing associated with "a contract consisting of the Medical Staff's Bylaws, Credentialing Manual and other documents governing defendants' treatment of Tate's clinical privileges" when "Defendants failed to follow the procedures set forth in [the Bylaws contract] *when they suspended [Tate's] privileges*." Tate's claim 11 alleged negligence in failing to follow the Bylaws contract when "Defendants failed to follow the procedures set forth in [the Bylaws contract] *when they suspended [Tate's] privileges*." Thus, both claims turn on the argument, already rejected by this court, that Tate's removal from the on-call trauma schedule was a *de facto* suspension of his clinical privileges. Accordingly, since Tate's clinical privileges were *not*, in fact, suspended, the district court properly granted summary judgment as to claims 10 and 11.

**AFFIRMED.**